IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL J. LEVITAN,
    Petitioner,

vs.                                                CASE NO.: 3:12cv73/LAC/CJK

DAVID MORGAN, et al.,
    Respondents.

## **REPORT AND RECOMMENDATION**

This cause is before the court on petitioner's petition for writ of habeas corpus (doc. 1), filed pursuant to 28 U.S.C. § 2241. At the time petitioner initiated this proceeding, he was being prosecuted in Florida circuit court in Case No. 2009 CF 003786A, on ten counts of grand theft and one count of aggravated white collar crime. In the petition for writ of habeas corpus, petitioner contested his pretrial detention and alleged, *inter alia*, that respondent David Morgan ("Morgan"), the Escambia County Sheriff, was meeting ex parte with prospective jurors, and encumbering his ability to prepare a defense by denying petitioner access to personal legal and office materials, in violation of his constitutional right to due process of law. As relief, petitioner requested, *inter alia*, release from pretrial confinement and a preliminary injunction enjoining Morgan from any ex parte contact with prospective or sworn jurors. After a trial by jury, defendant was convicted of aggravated white collar crime on March 15, 2012. A judgment of conviction and sentence were entered the same day.

On July 27, 2012, the court ordered petitioner to show cause why this case, premised as it is on convicted petitioner's challenge to pretrial custody, should not

be dismissed as moot. (Doc. 12). Petitioner responded with a detailed recitation of the factual circumstances giving rise to his prosecution, but addressed the court's mootness concerns in only the most oblique fashion. (Doc. 13). Because the state court proceedings underlying the habeas petition have concluded, the issues raised in the § 2241 petition are moot. The once-live controversy is no longer extant, and petitioner's remedy, to the extent he has one, lies in a habeas petition under 28 U.S.C. § 2254. *See Clark v. Payne*, 341 F. App'x 355, 356 (10th Cir. 2009) (holding § 2241 petitions "that challenge a defendant's pretrial custody become moot upon the conviction of the petitioner," and concluding that proper avenue of relief for petitioner who had already been sentenced by state court was habeas petition pursuant to § 2254); *Fassler v. United States*, 858 F.2d 1016, 1017-18 (5th Cir. 1988) (affirming district court's denial of § 2241 petition, because conviction and subsequent legal detention mooted habeas challenge to pretrial confinement); *Thorne v. Warden, Brooklyn House of Det. of Men*, 479 F.2d 297, 299 (2d Cir. 1973) (holding "issue as to the legality of [petitioner's] continued pretrial detention [had] been mooted," because habeas petitioner under § 2241 had been convicted in state court of second degree robbery and petty larceny).

Accordingly it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1) pursuant to 28 U.S.C. § 2241 be DISMISSED as moot.

2. That all pending motions be DENIED as moot.

3. That the Clerk be directed to close the file.

At Pensacola, Florida, this 17th day of August, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).